Dayis, J.,
delivered the opinion of the court:
The claimant, in May, 1882, was appointed by the Secretary of the Interior a special agent for the protection of timber, and acted as such until May, 1884, when the current appropriation being exhausted, he was furloughed to the end of the fiscal year without pay, and it is for salary during this period that the action is brought.
The appointment was made by authority of clauses contained in the several sundry civil appropriation acts providing a lump *190 sum “to meet expenses of protecting timber on the public lauds,” without specifying in any manner the course to be followed by the Secretary of the Interior in carrying- out the intention of the act, but leaving that to his discretion as an executive officer. The Secretary thereupon appointed a number of special agents, among them the claimant, and fixed for each a salary, which was paid, together with the expenses of travel.
The claimant urges that this state of law and facts created a contract between him and the Government by which he became entitled to the salary fixed by the Secretary for the entire fiscal year. In this conclusion we cannot concur. The agreement of the parties was subject to the laws which prescribed and limited the powers of the Government’s agent, the Secretary of the Interior, and these prohibit that officer (Eev. Stat., §§3'i79, 3732) from expending in any one year a sum in excess of appropriations made by Congress for that fiscal year, or from making a contract unless the same is authorized by law, or is under an appropriation adequate to its fulfillment.
The contention of claimant is valid, as we have decided at this term in Langston’s Case (ante), where there is an office created by law, but that is not this case. Congress simply authorized the Secretary to expend a certain sum of money during the fiscal year for the pi'otection of timber lands, and the Secretary employed certain agents to assist him in the matter. He might have employed them by the day, week, or month, but, without specifying the duration of the service, they were told that their compensation would be an annual salary, fixed, as to this claimant, at $1,200, which was afterwards increased to $1,400. This arrangement- must be understood to be subject to existing statutory limitations upon the Secretary’s power as an agent to bind the Government; that is, subject to and conditioned upon, the adequacy of the appropriation.
Of course the legal liability does not depend upon appropriation acts, the Government being bound by its contracts as are individuals, but the contracts must be such as the law authorizes, and must be made by a duly empowered officer or agent. In this instance the Secretary was allowed to spend a certain sum of money for a specific object; that done, his power to bind the United States was exhausted.
The petition is dismissed.